REED SMITH LLP
   David M. Schlecker
   Eric A. Schaffer
   Michael J. Venditto
599 Lexington Avenue
New York, NY 10022
Telephone:  212.521.5400
Facsimile:  212.521.5450
Email: dschlecker@reedsmith.com
       eschaffer@reedsmith.com
       mvenditto@reedsmith.com

*Attorneys for Defendant*
*BNY Mellon Corporate Trustee Services Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* <br><br> LEHMAN BROTHERS HOLDINGS INC., *et al.*, <br><br>                                                     Debtors. | Chapter 11 Case <br> No.: 08-13555 (JMP) |
| BELMONT PARK INVESTMENTS PTY LTD, *et al.*, <br><br>                                                 Plaintiffs, <br><br> against <br><br> LEHMAN BROTHERS SPECIAL FINANCING INC., *et al.*, <br><br>                                                 Defendants. | Adversary Proceeding <br> No.  12-01045 (JMP) <br><br> Case No.: 12-cv-01258 (PGG) |

**RESPONSE AND JOINDER OF BNY MELLON CORPORATE TRUSTEE SERVICES LIMITED TO PLAINTIFFS' MOTION TO WITHDRAW THE REFERENCE**

Defendant BNY Mellon Corporate Trustee Services Limited ("BNY"), by its undersigned counsel, in response to *Plaintiffs' Motion to Withdraw the Reference* (the "Motion"), respectfully states as follows:[1]

---

[1] Capitalized terms not defined herein shall have the meaning given such terms in the Motion.

BNY supports the Motion and, for the reasons set forth therein, joins in Plaintiffs' request that the Court withdraw the reference of this proceeding to the Bankruptcy Court.  Withdrawal of the reference is appropriate for the following reasons:  (i) this adversary proceeding, seeking recognition and enforcement of the High Court Judgment under principles of international comity, is a non-core matter; (ii) the issues presented are not central to the recently confirmed Chapter 11 case; and (iii) the interests of judicial economy militate strongly in favor of withdrawal.

For purposes of this Joinder, and in the interest of brevity, BNY adopts and incorporates by reference the factual and procedural background set forth in the Motion, but respectfully refers the Court to the Transaction Documents and other operative documents for their meaning and content.[2]  BNY also adopts Plaintiffs' statement of the applicable legal standard and controlling law.

As noted in the Motion, the issues in this proceeding are identical to those previously considered by Bankruptcy Judge James M. Peck in his decision in *Lehman Brothers Special Financing Inc. v. BNY Corporate Trustee Services Limited (Lehman Brothers Holdings, Inc.)*, 422 B.R. 407 (Bkrtcy., S.D.N.Y. 2010) ("*Perpetual*").  *See* Motion p. 5.  This proceeding involves the construction of documents that are virtually identical to those considered in *Perpetual*.  The event relied upon by Belmont to trigger Noteholder Priority (*i.e.*, the bankruptcy filing of LBHI) is the same trigger identified in *Perpetual*.  *Id.* pp 9-10.  Since there are no factual or legal differences between *Perpetual* and the instant proceeding, the Bankruptcy Judge

---

[2] Although BNY has accepted service of the complaint in this action, the deadline to respond to that pleading remains the subject of further discussion by the parties.  Notwithstanding BNY's adoption in this Joinder of the facts set forth in the Motion, BNY has not, and shall not be construed to have, admitted any allegation in the complaint, nor has BNY waived any rights, claims, or defenses, all of which are expressly reserved.

is likely to adhere to his ruling in *Perpetual* and enforce Swap Counterparty Priority in favor of LBSF.[3]

Requiring the issues to be re-litigated before the Bankruptcy Court would delay their resolution unnecessarily, in large part because an appeal is certain to follow any decision of the Bankruptcy Court.  If the Bankruptcy Judge follows his own precedent, BNY again will confront incompatible decisions from the Bankruptcy Court and the Supreme Court of the United Kingdom and again will risk violating a court order here or in England.  *See Perpetual*, 422 B.R. at 417 ("BNY has been concerned from the very outset of this litigation about the prospect of being caught in the middle between conflicting decisions").  A similar stasis arose in the *Perpetual* proceeding where LBSF opposed entry of an Order by Judge Peck and nothing happened until BNY filed a formal motion seeking entry of an order by the Bankruptcy Court.  *See* Decision of Hon. Colleen McMahon, dated September 20, 2010, granting BNY's application for leave to appeal the Perpetual Decision (the "District Court Decision"), Declaration of Andrew K. Glenn, dated February 8, 2012 (the "Glenn Decl."), Ex. W, p. 8.  As Judge McMahon noted in her Memorandum granting BNY's motion for leave to appeal, this delay served to benefit LBSF substantially:

> [I]t is not difficult to see LBSF's arguments for what they really are:  an attempt to use the English proceedings to insulate Judge Peck's decision from appellate review for as long as possible . . . . LBSF's efforts to shield Judge Peck's unprecedented and – for LBSF – extremely favorable decision from review are, of course, not surprising; indeed, LBSF does not deny that, since the decision was handed down, it has used it as leverage in settlement negotiations concerning billions of dollars worth of similar transactions.

---

[3] Similarly, because the ruling in *Perpetual* is contrary to the findings of the High Court, the Court of Appeal of England and Wales, and the Supreme Court of the United Kingdom, and, in fact, is without any legal precedent in over 30 years of jurisprudence under the Bankruptcy Code, it is equally predictable that Plaintiffs in the instant proceedings will seek an appeal of any such decision from the Bankruptcy Court to the District Court.  That the decision inevitably will be reviewed *de novo* by the District Court militates in favor of having it heard there in the first place.

*Id.* p. 15.

With the stakes as great as they are, it is likely LBSF again will seek to postpone review of any Bankruptcy Court Order following the Perpetual Decision.  Unless the parties avoid the *Perpetual* scenario by this Court's withdrawal of the reference, the parties likely will be doomed to follow a more tortured path to this Court.

As a final note, resolution of these issues by the District Court "*now*—not months, or even years, from now" (District Court Decision pp. 15-16) will inject greater certainty into the market.  Although such certainty may be of little value or concern to a liquidating debtor, it is of great interest to the larger market.  For this additional reason the inevitable review of the merits by the District Court should be undertaken as soon as possible by withdrawing the reference to the Bankruptcy Court.

## RESERVATION OF RIGHTS

Although Plaintiffs state that there is no need for discovery and that all relevant disputes are legal and not factual, *see* Motion p. 25,[4] BNY is not prepared at this time to waive its rights to engage in discovery to the extent it later is deemed necessary.  BNY expressly reserves all rights to seek discovery in this action.  Further, BNY reserves all rights, claims, and defenses that may be asserted by way of affirmative defenses, counterclaims or crossclaims.  Finally, in connection with this Joinder, BNY reserves its right to be heard at any hearing on this matter on any or all of the grounds set forth in Plaintiffs' Motion.

---

[4] Presumably, LBSF will adopt a similar position in light of Judge Peck's holding in the Perpetual Decision.

## **CONCLUSION**

BNY hereby joins in the Motion and, for the reasons set forth therein and herein, respectfully requests that the Court withdraw the reference with respect to the Belmont Adversary Proceeding and grant such other and further relief as this Court deems just and proper under the circumstances.

Dated:  April 20, 2012                              **REED SMITH LLP**

By:     /s/ David M. Schlecker
David M. Schlecker
Eric A. Schaffer
Michael J. Venditto
599 Lexington Avenue
New York, NY 10022
Telephone:  212.205.6083
Facsimile:  212.521.5450
Email:  dschlecker@reedsmith.com
            eschaffer@reedsmith.com
            mvenditto@reedsmith.com

*Attorneys for Defendant*
*BNY Mellon Corporate Trustee Services Limited*